CITED in *State* v. *Reckless*, 9 *Vr.* 396.

---

THOMAS WOODWORTH v. PETER S. WOLVERTON.

If a cause in a justice's court be adjourned without fixing a day, but to such day as counsel shall agree upon, and the defendant's counsel refuse to agree to a day, the justice cannot fix a day, and give notice thereof to the defendant. The cause is out of court, and must be commenced anew.

This cause was removed into this court by *certiorari* from the court for the trial of small causes, held by Justice Van Meter.

It was argued before Justices ELMER and HAINES, by Mr. *Eakin*, for the plaintiff, and Mr. *Attorney General*, for defendant.

ELMER, J. It appears, by the justice's record, that the cause was adjourned to a day named. On that day, the defendant not being ready, and the plaintiff's counsel being absent, it was agreed by the defendant, at the office of his counsel, that there should be an adjournment of the case, and that the counsel should arrange the time for trial. On the following week, the counsel not having fixed on any time, the justice appointed a time and place for the trial, and gave the defendant written notice thereof. On the appointed day, the parties appeared by their counsel, the defendant's counsel protesting against the trial, and alleging that, as counsel had not agreed on the time, his witnesses had not been procured. The justice ordered the trial to proceed, and thereupon the defendant and his counsel withdrew, and the cause was tried in their absence.

In the case of *Halsey* v. *Whitlock* (*Penn.* 869) and *Nicholson* v. *Wright* (1 *Harr.* 232), it was held that a justice could not adjourn the trial before the return day of the summons

and send word to the defendant.    In the case of *Branin* v. *Voorhees* (2 *Green* 592), it was intimated that an adjournment out of court, and in the absence of the parties, would be a discontinuance of the suit.    The small cause act gives no authority to the justice to adjourn the cause at any other time or place than on the day when the parties are or ought to be before him and at the place of holding his courts.    An adjournment is a judicial act, to be done in open court in the presence of the parties, if they think proper to attend.    If made under other circumstances, the subsequent appearance and consent of the parties may legalize it, and the party at whose instance it may have been done will not be permitted to complain of it.    But it is an irregular proceeding, which ought not to be encouraged.    In this case the adjournment was to no certain day, and the justice had no authority afterwards to appoint a time and place for the trial without the consent of both parties.    If such consent was refused, the plaintiff should have commenced his action anew.    For this error the judgment must be reversed.

HAINES, J., concurred.